# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BETTY J. SCHLOTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-0803-CV-W-DW |
| ) | |
| CITIBANK (SOUTH DAKOTA), N.A., ) | |
| CITIGROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 10). Defendant seeks dismissal for failure to state a claim. Fed. R. Civ. Proc. 12(b)(6).

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint, and construes the factual allegations in the light most favorable to the plaintiffs. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649 (8th Cir. 1998). A complaint should not be dismissed "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003). The Court need not give effect to conclusory allegations of law. Id. See also Parkhill v. Minn Mut. Life Ins. Co., 286 F.3d 1051, 1058 (8th Cir. 2002) (well-pleaded facts, not legal theories or conclusions, determine adequacy of complaint); Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (the court does not "blindly accept the legal conclusions drawn by the pleader from the facts").

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act (the

"Act"). Defendants argue that since they are creditors, and not debt collectors, the Act does not apply to them. Schmitt v. FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005) (the "distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.").

The Act defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 USCS § 1692a(6). A creditor, on the other hand, is a company that collects debts owed to itself, in it own name. 15 USCS § 1692a(6)and(4); Kempf v. Famous Barr Co., 676 F. Supp. 937, 938 (E.D. Mo. 1988). Plaintiff alleges that fradulent charges were made to her Citibank Credit Card and that Citibank "insisted upon payment" of these charges. Since Defendants were attempting to collect debts owed to themselves, Defendants are both creditors and not subject to the Act. Schmitt, 398 F.3d 998.[1]

For the reasons discussed above, Plaintiff cannot state a claim for violation of Fair Debt Collection Practices Act against Defendants. Courchene v. Citibank, 2006 U.S. Dist. LEXIS 53041 (W.D. Mo. 2006) (dismissing Fair Debt Collection Act against Defendant Citibank since the Act did not apply to Defendant, a creditor). Plaintiff's case is DISMISSED.

In its Motion to Dismiss, Defendant also asks for an award of attorney's fees for

---

[1] Paragraph four of Plaintiff's Complaint states that "Defendants use one or more instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts....owed or due or asserted to be owed or due another." This statement, however, has no bearing on this analysis since it is a bare legal conclusion that is contradicted by Plaintiff's other factual allegations. Parkhill v. Minn Mut. Life Ins. Co., 286 F.3d 1058 (8th Cir. 2002).

defending Plaintiff's Bad Faith Claims. To receive attorney's fees under 15 USCS § 1692k, the Court must find that the action "was brought in bad faith and for the purpose of harassment." Since Defendant has not adequately shown either bad faith or harassment, the Court DENIES Defendant's request.

       IT IS SO ORDERED.


Date: May 10, 2007                                         <u>/s/ DEAN WHIPPLE</u>
                                                                                   Dean Whipple
                                                 United States District Court